**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF VIRGINIA**

**Richmond Division**



In re:                                            :

    **CHERYL CIBULA PAYNE,**     :     **Case No.: 20-30524**

    **Debtor.**                   :     **Chapter 13**

## MOTION PURSUANT TO 11 U.S.C § 1328

COMES NOW, Thomas C. Payne, hereinafter referred to as ("Husband"), by his counsel, James M. Goff II, Esquire (admitted to this Court on June 27, 1995), and presents his Motion pursuant to 11 U.S.C. § 1328 regarding exceptions of debt, respectfully stating as follows:

11 U.S.C. § 1328(a)(2) sets forth exceptions for the dischargeability of debts. Specifically, § 1328(a)(2) specifically references § 523(5) for "a domestic support obligation" as one type of debt that cannot be discharged in bankruptcy. A "domestic support obligation" is defined by § 101(14A[A]) as "a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is – (A) owed to or recoverable by – (i) a spouse, former spouse. . .".

A Final Decree of Divorce was entered by Chesterfield Circuit Court on January 15, 2020 wherein Thomas C. Payne, the former spouse of Debtor, Cheryl Cibula Payne, was awarded attorney's fees in the amount of Fifty-Seven Thousand Dollars ($57,000.00). (**Exhibit A**) It is the Mr. Payne's contention that the attorney's fees award should be classified as a priority debt by this Court because it meets the definition of a domestic support obligation as stated in § 101(14A[A]). Specifically, (1) it is a debt that accrued before, on or after the date of the order for relief, January 15, 2020; (2) it is owed to or recoverable by – a former spouse, Thomas C. Payne.

1

Furthermore, § 101(14A[C]) states a domestic support obligation that was "established or subject to establishment before, on, or after the date of the order for relief in a case. . . by reason of applicable provisions of – (i) a . . . divorce decree." *emphasis added.* The attorney's fees awarded to Debtor's former spouse, Thomas C. Payne, by Chesterfield Circuit Court on January 15, 2020 was in fact established in the time frame specified in § 101(14A[C]).

In addition to meeting the statutory definition of a domestic support obligation under § 101(14A[A]) and § 101(14A[C]), Mr. Payne relies upon *In re Schenkein*, 2010 WL 3219464, at *4 (Bankr. S.D.N.Y. Aug. 9, 2010), wherein a Debtor's ability to discharge debt related to a matrimonial action are limited identified exceptions under 523(a)(5) as to discharge, most specifically for any debt for a domestic support obligation. Section § 523(a)(15) creates an exception from discharge for any debt to a spouse, former spouse, or child of the debtor, "incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." In this case, the Chesterfield Circuit Court awarded the former spouse of the Debtor $57,000.00 in attorney's fees, which was 1) "incurred in the course of a divorce;" and 2) incurred "in connection with a divorce decree." As in this case, the Debtor's attempt to discharge the award of attorney's fees to the Husband.

WHEREFORE, Thomas C. Payne, by his counsel, James M. Goff II, moves that this Court except the dischargeability of the domestic support obligation for the reasons herein; that he be awarded his fees and costs associated with this filing; and for such other and further relief as this Court shall deem meet and necessary.

THOMAS C. PAYNE

By: _____

Counsel

2

James M. Goff II, Esquire
VSB No.: 35439
James M. Goff II, P.C.
10310 Memory Lane, Suite 2C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Telecopier: (804) 706-9402
jgoff@jamesgofflaw.com

## PROOF OF SERVICE

I do hereby certify that a true copy of the foregoing Motion was mailed, postage pre-paid, to James H. Wilson, Esquire, Counsel for the Debtor, 4860 Cox Road, Suite 200, Glen Allen, Virginia 23060 on this 4th day of May, 2020.

James M. Goff II

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

THOMAS C. PAYNE,                                                    Plaintiff,

v.                                      **Case No. CL16-2435**

CHERYL CIBULA PAYNE,                                         Defendant.

### FINAL DECREE

This cause, which has been regularly docketed, matured, and set for hearing, came to be

heard this day upon the plaintiff's Complaint; upon proof of proper legal service of process

thereof upon the defendant; upon the defendant's Answer to the Complaint and Counterclaim;

upon the Answer to the Counterclaim; upon the *ore tenus* testimony on September 9, 2019; upon

the Court's review of evidence and exhibits by *de benne esse* depositions dated July 26, 2019,

August 4, 2019, August 7, 2019; and upon this Court's letter ruling dated October 23, 2019,

which is incorporated and made a part of the ruling herein.

UPON CONSIDERATION WHEREOF, it appearing to the Court independently of the

admissions of either party in the pleadings or otherwise that the plaintiff and the defendant were

lawfully married in Chesterfield, Virginia on May 8, 1999; that both parties have been actual

bona fide residents and domiciliaries of the Commonwealth of Virginia for more than six months

next preceding the institution of this suit; that the parties to this suit are over the age of eighteen

(18) years; that the defendant is not currently pregnant by the plaintiff; that neither party is a

member of the Armed Forces of the United States or any of its Allies; that neither party is

incarcerated; that neither party suffers from a condition that would render them legally

incompetent; that the parties last resided together in the marital home located at 7901 Dunnottar

Court, Chesterfield, Virginia; that the parties separated on or about July 15, 2016; that upon



evidence and testimony presented the Court found that based upon the examination of all circumstances the grounds for divorce were adequately established and corroborated that the parties intended and lived separate and apart, without interruption or cohabitation, for a period in excess of one year and that the plaintiff is granted a divorce from the defendant on the grounds of their having lived separate and apart, without interruption or cohabitation, for a period in excess of one year; that there was one child born of the marriage namely, Madelyn Rebecca Payne, born May 8, 2002, and one child adopted by the parties during the marriage, namely, Jenna Elizabeth JeeAH Payne, born June 20, 2008; therefore the parties are entitled to a divorce on the grounds of a one-year separation period.

It is therefore ADJUDGED, ORDERED and DECREED that the plaintiff be awarded a final divorce on the grounds that the parties have lived separate and apart without cohabitation and without interruption for a period of time in excess of one year, and the bond of matrimony created by the marriage between the parties on May 8, 1999 be and is dissolved.

## EQUITABLE DISTRIBUTION

The Court, having carefully and fully considered all of the evidence of the parties, their exhibits, and having further considered the classification of the properties of the parties pursuant to Va. Code Ann. § 20-107.3(B), their rights and equities therein pursuant to Va. Code Ann. § 20-107.3(D), the authority of the Court to grant a monetary award or to order the division or transfer of jointly owned marital property pursuant to Va. Code Ann. § 20-107.3(C) and (D), and based upon a full consideration of each and every factor set forth in Va. Code Ann. § 20-107.3(E) and the testimony, stipulations and exhibits introduced relating to each of said factors, hereby makes the following findings and enters the following order relating to the equitable

distribution of the property of the parties. Specifically, in accordance with its letter opinion issued October 23, 2019, the Court finds:

**1. 7901 Dunnotar Court, Chesterfield, Virginia (the marital residence)**

The Court finds this property as marital. The Court heard testimony by the parties' and found that the Defendant failed to pay the mortgage on the property and that said failure cost the parties the asset of the marital residence and, instead created $11,624.98 in debt due to the mortgage default.

The Court finds the Defendant's failure to pay the mortgage on the marital residence constituted waste of a marital asset. The Court finds the remaining value of the deficiency on the mortgage is $5,812.49. The Court orders that the value of the deficiency on the mortgage be allocated to the Plaintiff.

**2.    Personal Property.**

The Court finds that the personal property submitted as evidence at trial by the Plaintiff is valued at $39,927.00. The Court orders that the personal property value be allocated to Defendant.

**3.    Gold and Silver Coins.**

The Court finds that this property as marital. The Court finds that the value of the gold and silver coins is $10,700.50. The Court orders that the value of the gold and silver coins be allocated to the Defendant.

**4.    Bank Account of Madelyn Payne.**

The Court finds this property as marital. The Court finds the value of the account is $6,921.29. The Court orders that the value of the account be allocated to the Defendant.

5.    **Wells Fargo Account 0606.**

The Court finds this property as marital. The Court finds the value of this account

to be $1,300.58. The Court orders that the value of this account be allocated to the Defendant.

7.    **Gerdau 401(k).**

The Court finds this as marital property. The Court finds the value of this account

to be $182,787.68. The Court orders that the value of this account be allocated to the Plaintiff.

8.    **Citi Card.**

The Court finds this as marital property. The Court finds the value of this account

to be $8,699.98. The Court orders that the value of this account be allocated to the Plaintiff.

9.    **Chase Card.**

The Court finds this as marital property. The Court finds the value of this account

to be $12,477.21. The Court orders that the value of this account be allocated to the Plaintiff.

10.    **Wells Fargo Line of Credit.**

The Court finds this as marital property. The Court finds the value of this account

to be $2,952.14. The Court orders that this account be allocated to the Plaintiff.

11.    **Insurance Check.**

The Court finds that the insurance proceeds for storm damage to the marital

residence received from the parties' home owner's insurance company in the amount of

$17,884.72 was converted by the Defendant for her own personal use. The Court orders that the

insurance proceeds in the amount of $17,884.72 shall be allocated to the Defendant.

12.    **Defendant's Wells Fargo Account.**

The Court finds this account to be marital property. The value of this account is

$75,004.44. The Court orders that this account in the amount of $75,004.44 be allocated to the

Defendant.

## SPOUSAL SUPPORT

The Court has considered all of the factors in §20-107.1(E) & (F) of the Code of Virginia

(1950), as amended, as to which evidence was presented. After reviewing the evidence and

testimony of parties' income, and as specifically set forth in its letter opinion dated October 23,

2019, which is incorporated and made a part of the Order herein, the Court finds that the

Defendant secreted large sums of money during the course of litigation and was not candid with

the Court regarding her finances. The Court declines to award spousal support to the Defendant

at this time, however, grants the Defendant a reservation of spousal support.

## CHILD CUSTODY AND VISITATION

The Court finds that the Plaintiff and Defendant shall share joint legal custody of the

minor children. The Defendant shall have primary physical custody of the minor children.

The Plaintiff shall be entitled to visitation as follows:

a.    Every other weekend beginning at 6:00 p.m. until Sunday at 6:00 p.m.

b.    The Plaintiff shall have one night of visitation per week beginning at 6:00 p.m.

until 8:00 p.m. The default weeknight visitation shall be Wednesday unless otherwise agreed to

by the parties.

c.    The Plaintiff shall refrain from alcohol use during the twenty-four hours prior to

visitation.

d.      Each party shall be permitted contact with the minor children at reasonable times as the situation may warrant.

## CHILD SUPPORT

In computing the guidelines, the Court finds that Defendant's imputed income is $45,00.00 annually, based on her previous salary as a senior claims adjuster. The Court finds that the Plaintiff's income is $118,875.70 annually, based upon his 2018 paystubs. The cost of health and dental insurance for the children is $129.00 per month which is ORDERED to be paid by the Plaintiff. The presumptive amount of child support is $1,365.00 per month (**Exhibit A**), and accordingly, it is hereby

ORDERED that the Plaintiff shall pay to Defendant $1,365.00 per month in child support for the parties' two minor children in two monthly installments of $682.50 on the 1st and 15th day of each and every month. The first payment of $682.50 is due on the first day of the month beginning November 1, 2019 and shall continue thereafter on the 1st and 15th of each and every month. The child support calculation shall change when the eldest child reaches the age of majority, such that the child support calculation will be based upon supporting the one remaining minor child of the parties.

It is further ORDERED that, pursuant to Va. Code Ann. §20-124.5, each party shall be required to provide thirty (30) days advance written notice to the Court and to the last known address of the other party of any intended change of address. Such notice shall provide the Court and the other party of the intended date of change of address, the specific street, route address, city or county, state and zip code of the intended new address. Such written notice shall be mailed to the Court at Clerk, Chesterfield Circuit Court, P.O. Box 125, 9500 Courthouse Road, Chesterfield, VA 23832-0115.

It is further ORDERED, pursuant to Section 20-60.3 of the Code of Virginia, 1950, as amended, the following is made a part hereof:

1.      Notice that support payments may be withheld as they become due pursuant to Section 20-79.1 or Section 20-79.2 from income as defined in Section 63.2-1900, without further amendments of this order or having to file an application for services with the Department of Social Services; however, absence of such notice in an order entered prior to July 1988, shall not bar withholding of support payments pursuant to Section 20-79.1.

2.      Notice that support payments may be withheld pursuant to Chapter 19 (Section 63.2-1900 et seq.) of Title 63.2 without further amendments to the order upon application of services with the Department of Social Services; however, absence of such notice in an order entered prior to July 1, 1988, shall not bar withholding of support payments pursuant to Chapter 19 (Section 63.2-1900 et seq.) of Title 63.2.

3.      THAT the name, date of birth and the social security number of each person to whom the duty of support is owed are as follows:

| | |
|---|---|
| Madelyn Rebecca Payne | See Addendum previously filed herein |
| Jenna Elisabeth JeeAh Payne | See Addendum previously filed herein |

4.      THAT the parental information is as follows:

| | |
|---|---|
| Defendant's/Mother's Name: | Cheryl Cibula Payne |
| Date of Birth: | See Addendum previously filed herein |
| Current Address: | 7610 Courthouse Road |
| | Prince George, Virginia |
| Telephone Number: | (804) 768-1644 |
| Driver's License Number: | T65471531 |
| Social Security Number: | See Addendum previously filed herein |
| Employment: | not employed |
| | |
| Plaintiff's/Father's Name: | Thomas Clifford Payne |
| Date of Birth: | See Addendum attached hereto |
| Current Address: | 105 Oakwood Avenue |

Hopewell, Virginia 23860

Telephone Number:              (804) 426-7234 cell
Driver's License Number:       A2464598
Social Security Number:        See Addendum previously filed herein
Employment:                    Gerdau
                               25801 Hofheimer Way
                               Petersburg, Virginia 23803
Telephone number:              (804) 520-0286

5.      That child support terms are as follows:  Plaintiff shall pay to Defendant $1,365.00

per month in child support for the parties' two minor children payable in two monthly installments

of $682.50 on the 1st and 15th day of each and every month beginning November 1, 2019.  The

child support calculation shall change when the eldest child reaches the age of majority, such that

the child support calculation will be based upon supporting the one remaining minor child of the

parties.

Pursuant to Section 20-124.2, support will continue to be paid for any child over the age

of 18 who is (i) a full-time high school student, (ii) not self-supporting, and (iii) living in the

home of the party seeking or receiving child support until such child reaches the age of 19 or

graduates from high school, whichever occurs first, and that the Court may also order the

continuation of support for any child over the age of 18 who is (a) severely and permanently

mentally or physically disabled, (b) unable to live independently and support himself, and (c)

residing in the home of the parent seeking or receiving child support.

Any reasonable and necessary medical and/or dental expenses not covered by insurance

as defined in Section 20-108.2 (D) of the Code of Virginia, as amended, shall be divided

between the parties as follows: Wife 27.5%, Husband 72.5%.  The party incurring the non-

covered medical bill (or a portion thereof) on behalf of the minor child shall timely present the

bill/invoice to the other party who shall then pay their portion of said obligation within thirty

(30) days of receipt.

For purposes of this subsection, medical or dental expenses shall include, but not be limited, to eyeglasses, prescription medication, prosthetics, orthodontics, and mental health or developmental disabilities, including but not limited to services provided by a social worker, psychologist, psychiatrist, counselor or therapist.

6.     THAT the defendant shall maintain medical/hospitalization insurance coverage for the parties' two minor children through Blue Cross/Blue Shield, ID#GAC838895509, Group#499401 for as long as he is legally required to do so.

7.     THAT if child support payments are ordered to be paid through the Department of Social Services or directly to the obligee, and unless the Court for good cause shown orders otherwise, the parties shall give each other and the Court and, when payments are to be made through the Department, the Department of Social Services at least 30 days' written notice, in advance, or any change of address and any change of telephone number within 30 days after the change.

8.     THAT if the child support payments are ordered to be paid through the Department of Social Services, and unless the court for good cause shown orders otherwise, the parties shall give each other and the Department of Social Services at least thirty days written notice, in advance, of any change of address.   If child support payments are ordered to be paid through the Department of Social Services, a provision requiring an obligor to keep the Department of Social Services informed of the name, address and telephone number of his current employer, or if payments are ordered to be paid directly to the obligee, a provision requiring an obligor to keep the court informed of the name, address and telephone number of his current employer. The defendant shall pay both child and spousal support directly to the plaintiff.

9.      THAT no child support arrearage exists as of December 1, 2019.

10.     THAT a petition may be filed for suspension of any license, certificate,

registration or other authorization to engage in a profession, trade business or occupation issued

by the Commonwealth to a person responsible for support as provided in Section 63.2-1937 upon

a delinquency for a period of 90 days or more or in an amount of $5,000.00 or more.  That the

Plaintiff holds a certificate as an electrician.  Defendant holds no such a license.

11.     THAT the Department of Social Services may, pursuant to Chapter 19 (Section

63.2-1900 et seq.) of Title 63.2 and in accordance with Section 20-108.2 and Section 63.2-1921,

initiate a review of the amount of support ordered by any court.

12.     In determination of a support obligation, the support obligation as it becomes due

and unpaid creates a judgment by operation of law.  The Order shall also provide, pursuant to

Section 20-78.2 for interest on the arrearage at the judgment rate as established by Section 6.1-

330.54 unless the obligee, in a writing submitted to the court, waives the collection of interest.

13.     If any arrearages for child support, including interest or fees, exist at the time the

youngest child included in the order emancipates, payments shall continue in the total amount due

(current support plus amount applied toward arrearages) at the time of emancipation until all

arrearages are paid.

## ATTORNEY FEES

The Court having considered the factors, including reasonableness of services rendered

and evidence of time expended by counsel, the Court ORDERS that the Defendant pay the

~~at a rate of~~ $1,000 per month, beginning

Plaintiff attorney's fees in the amount of $57,000.00 ~~within ———————— (_____) days following~~

March 1, 2020, monthly thereafter until paid in full.

~~entry of this Order~~.  Said payment shall be made to counsel for the Plaintiff, James M. Goff II,

P.C., 10310 Memory Lane, Suite 2C, P.O. Box 313, Chesterfield, Virginia 23832 within the time prescribed herein.

**Per Va. Code Ann. § 20-111.1(E) (1950), as amended, the following notice is given to the plaintiff and the defendant: Beneficiary designations for any death benefit, as defined in subsection B of § 20-111.1 of the Code of Virginia, made payable to a former spouse may or may not be automatically revoked by operation of law upon the entry of a final decree of annulment or divorce. If a party intends to revoke any beneficiary designation made payable to a former spouse following the annulment or divorce, the party is responsible for following any and all instructions to change such beneficiary designation given by the provider of the death benefit. Otherwise, existing beneficiary designations may remain in full force and effect after the entry of a final decree of annulment or divorce.**

Pursuant to Section 20-121.03 of the Code of Virginia (1950), as amended, the Affidavit containing identifying information of the Plaintiff and Defendant is incorporated by reference herein.

It is further ORDERED that any and all matters concerning child custody, visitation and child support are remanded to the appropriate Juvenile and Domestic Relations Court having jurisdiction over same.

It is further ORDERED that the Clerk of this Court shall mail a certified copy of this Final Decree to all counsel of record.

ENTERED: 1/15/20

_____
Judge

*Counsel's endorsements and objections on following page*

A COPY TESTE:
WENDY S. HUGHES, CLERK

BY:_____
Kim Krafcik, Deputy Clerk

I Ask For This:

Iames M. Goff, II, Esquire, p.q. (VSB# 35439)
P.O. Box 313
10310 Memory Lane, Suite 2-C
Chesterfield, VA 23832
(804) 706-9400
Fax: (804) 706-9401
jgoff@jamesgofflaw.com

Seen and __Objected to__ : See attached pages 13 & 14

Jay C. Paul, Esquire
VSB No.: _28594_
Post Office Box 1193
5842B Allin Road
Prince George, Virginia 23875
Telephone: (804) 668-5327
Facsimile: (804) 668-5329

Seen and objected to:

_____

Jay "C" Paul (VSB# 38594)
Jay C Paul Attorney at Law, PLLC
P.O. Box 1193
5842 B Allin Road
Prince George, VA 23875
Telephone: (804) 668-5327
Facsimile: (804) 668-5329
jcpaul@jaycpaullaw.com


## OBJECTIONS:

### Child Custody & Visitation:

The court failed to consider the best interest of the children by failing to take into account the following:

1. The parties had agreed to go through a counselor to facilitate graduation visitation;
2. The parties' inability to communicate regarding the children;
3. That the father had gone three years since spending any time with the children; and
4. Specifically, the court did not consider factors 1, 3, 5, 6, 7, and 8 of Virginia Code §20-124.3.


### Imputing Income of Defendant for Child Support:

The court failed to consider the following:

1. Current earning capacity of the Defendant;
2. Financial resources of the Defendant;
3. Education and training of the Defendant; and
4. Lack of recent post earnings by the Defendant who had not worked for over 17 years at the bequest of the Plaintiff.

Additionally, the court without any evidence other than what the defendant earned 17 years ago imputed income to her. No evidence was provided to the court as to what the Defendant could earn today as an insurance claims adjuster. The court merely speculated on what it believes the defendant could earn today with no evidence.


**(Continued on the next page)**

Page 13 of 14

**(Defendant's Objections continued)**

<u>Denial of Current Spousal Support:</u>

1. Defendant reincorporates her objections for the imputation of income for child support addresses above;
2. Evidence established Defendant's need for support and Plaintiff's ability to pay coupled with no misconduct by Defendant entitling Plaintiff to a divorce, wife should be entitled to spousal support; and
3. Court did not properly consider the wide disparity in income between the parties.

<u>Attorneys Fees Awarded to Plaintiff:</u>

The court failed to consider the following:

1. The disparity in income and resources between the parties and the parties' ability to pay;
2. That the court found both parties sought divorce on fault grounds and ruled that both parties failed to meet their burden of proof sufficient on divorce grounds;
3. That the Plaintiff pursued at least two court appearances in regard to the custody/visitation matter that was necessary because the defendant had already agreed to the resolution ordered by the court; and
4. That over 1/3 of the deposition time taken by the Plaintiff was for items the Defendant had already stipulated to be correct.

<u>Equitable Distribution:</u>

The court errored by failing to take in to account the following:

1. The court did not require any proof that the items listed by Plaintiff were valued at $39,927.00 other than his word;
2. The Defendant at depositions tendered proof that the coins were currently valued at $4,000.00. The court had no reason or rationale for using the Plaintiff's estimate as the value of the coins versus the Defendants.
3. The money in Madelyn's account was at separation was $4900.00 and most of those funds were from the wife's Well's Fargo Account.

# Child Support Guideline Worksheet

| | | | | |
|---|---|---|---|---|
| **Style:** | Payne v. Payne | | Case #: | CL16-2435 |
| Worksheet of: | Jay "C" Paul | | Date: | 12/28/2019 |

## A. Gross Income of Parties

| | **Mother** | **Father** | |
|---|---|---|---|
| 1. Monthly Gross Income of Each Party: | $ 3,750.00 | $ 9,906.00 | |
| 2. Spousal Support Payable between Parties: | $ 0.00 | $ 0.00 | |
| 3. Adjustment for Support of "Other" Children: | $ 0.00 | $ 0.00 | |
| 4. Adjustment of Self-Employment Tax: | $ 0.00 | $ 0.00 | |
| 5. Statutory Gross Income for Support: | $ 3,750.00 | $ 9,906.00 | |
| 6. Combined Income: | $ 13,656.00 | | |
| 7. Combined Proposed Income Deviations: | **Income Shares** | | |
| | 27.5% | 72.5% | |
| 8. Number of Children: | 2 | Ages | |

Spousal Support:
**0.00**
Spousal Support Payor:

Father

Child Support

Mother is Custodian
Child Support Payor is:

Father

## B. Child Support

| | **Mother** | **Father** | |
|---|---|---|---|
| 1. Scheduled Amount for Basic Child Support: | | $ 1,931.00 | * From Support Table |
| 2. Work-related Child Care Costs: | | $ 0.00 | |
| 3. Medical Insurance for Child/Children: | $ 0.00 | $ 129.00 | |
| 4. Total Child Support Need (Sum: 1+2+3+4): | | | **Child Support Need** |
| | | | $ 2,060.00 |
| 5. Child Support Obligation of Each Party:<br>(Total Support Need x Income Share) | $ 566.00 | $ 1,494.00 | |
| 6. Direct Payment of Medical Insurance: | $ 0.00 | $ -129.00 | |
| 7. Each Party's Presumptive Guideline Share: | $ 566.00 | $ 1,365.00 | |
| **8. Presumptive Guideline Support Payable by:Father** | | | **Guideline Child Support** |
| | | | $ 1,365.00 |

## C. Proposed Deviations from Guideline Support

| Presumptive Guideline Support Payable by:<br>**Father** | **Guideline Support** |
|---|---|
| | $ 1,365.00 |
| 1. | $ |
| **Proposed Child Support, After Deviations:** | $ 1,365.00 |

| **Number of Persons in** | **Father** | **'s household:** | |
|---|---|---|---|
| The Poverty Guideline threshold income for this<br>number of household members is: | Annual Income:<br>$ 0.00 | Monthly Income:<br>$ 0.00 | |

## D: Proposed Child Support Payable To Mother By Father

| | **Total Child Support** |
|---|---|
| | $ 1,365.00 |

| Submitted by: | | Counsel for: |
|---|---|---|





## James M. Goff II, P.C.
Attorneys and Counselors at Law

James M. Goff II, Esq.
jgoff@jamesgofflaw.com

M. Donette Williams, Esq.
dwilliams@jamesgofflaw.com

May 4, 2020

**DELIVERED BY HAND**
Clerk of Court
United States Bankruptcy Court
Eastern District of Virginia
701 East Broad Street, Suite 4000
Richmond, Virginia  23219

**In Re: Cheryl Cibula Payne, Debtor
        Case No. 20-30524**

Sir or Madam:

Please find enclosed a Motion Pursuant to 11 U.S.C. § 1328 to be filed with the Case No.
20-30524.

Thank you for your generous assistance.

Very truly yours,

James M. Goff II

JMGII:mdw
Enclosure
cc:     Thomas C. Payne
        James H. Wilson, Jr.
        Suzanne E. Wade, Chapter 13 Trustee